## Commonwealth v. Delaney

*Jacqueline M. Carroll, deputy district attorney,* for the Commonwealth.
*Joseph P. Green,* for defendant.

WOOD, *P.J.,* February 14, 1992—

MEMORANDUM ORDER

Defendant was found guilty after a non-jury trial on August 5, 1991 and August 6, 1991, on charges of possession of marijuana, possession of marijuana with intent to deliver and criminal conspiracy. He filed

timely post-verdict motions for a new trial and in arrest of judgment. He also petitioned for §117* treatment, or "probation without verdict." I heard oral argument on this petition on February 3, 1992.

A defendant may not qualify for §117 treatment if he is subject to a mandatory minimum sentence in connection with this offense: 75 Pa.C.S. §7508(c). The mandatory minimum sentences for trafficking in marijuana (determined, in part, by the amount of marijuana confiscated) are set forth in 18 Pa.C.S. §7508(a) as follows:

"(1) A person who is convicted of violating section 13(a)(14), (30) or (37) of the act of April 14, 1972 (P.L. 233, no. 64), known as the Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is marijuana shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

"(i) when the amount of marijuana involved is at least two pounds, but less then ten pounds, or at least ten live plants but less than 21 live plants; one year in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense; two years in prison and a fine of $10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity...."

---

* The Controlled Substance, Drug, Device and Cosmetic Act, of April 14, 1972, P.L. 233, no. 64, §17, as amended, 35 P.S. §780-117.

I have been asked to decide preliminarily whether the fact that the marijuana possessed in this case came to more than two pounds forecloses the possibility of §117 treatment for defendant, even though (as he claims) he did not know precisely how much marijuana was involved in the transaction. There is reason to conclude that defendant did not view or weigh the quantity involved here, which turned out to be about six pounds.

The plain language of the statute indicates that where the amount of marijuana "involved" is at least two pounds, a minimum mandatory sentence shall be imposed. To my mind, the phrase "when the amount of marijuana involved" refers to the *total* amount connected with a given transaction, regardless of whether any participant knew of that amount. It is difficult to imagine a more sweeping and inclusive term than "amount ... involved."

One who traffics in drugs does so at his own peril. The Commonwealth need not demonstrate that Delaney *himself* knew the precise quantity of marijuana involved in order for the mandatory minimum sentence to apply. To hold otherwise would artificially constrict the plain meaning of the terms involved.

Based on the foregoing, I enter the following

## ORDER

And now, February 14, 1992, defendant, Patrick Delaney's petition for section 117 treatment is hereby dismissed.

The court administrator shall schedule oral argument on the outstanding post-verdict motions as soon as the notes of testimony are complete.